NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**UNILOC USA, INC., UNILOC LUXEMBOURG S.A., UNILOC 2017 LLC,**
*Plaintiffs-Appellants*

**v.**

**HTC AMERICA, INC.,**
*Defendant-Appellee*

―――――――――――

2018-2185

―――――――――――

Appeal from the United States District Court for the Western District of Washington in No. 2:17-cv-01558-JLR, Senior Judge James L. Robart.

―――――――――――

Decided: August 30, 2019

―――――――――――

JAMES J. FOSTER, Prince Lobel Tye LLP, Boston, MA, argued for plaintiffs-appellants. Also represented by PAUL J. HAYES, I, AARON JACOBS.

TODD ERIC LANDIS, Vinson & Elkins LLP, Dallas, TX, argued for defendant-appellee. Also represented by FRED WILLIAMS, MARIO A. APREOTESI, Austin, TX.

―――――――――――

Before PROST, *Chief Judge,* PLAGER and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Uniloc USA, Inc. and Uniloc Luxembourg S.A. appeal the dismissal of an infringement action in the U.S. District Court for the Western District of Washington. *Uniloc USA, Inc. v. HTC America, Inc.*, No. C17-1558JLR, 2018 WL 3008870, at *1 (W.D. Wash. June 15, 2018). After Uniloc filed its appeal, HTC became aware of material suggesting multiple jurisdictional defects. Because this material is outside the record, we remand for the district court to supplement the record, determine whether Uniloc has standing in the first instance, and, if appropriate, cure any jurisdictional defects.

I

This case began when Uniloc sued HTC for infringement of U.S. Patent No. 6,622,018. HTC moved to dismiss, arguing that the '018 patent was directed to patent ineligible subject matter. On June 14, 2018, the district court granted HTC's motion. Uniloc appealed.

On appeal, Uniloc moved, unopposed, to join Uniloc 2017 LLC as a party. We granted the motion but stipulated that it be left to the merits panel "to decide what, if any, jurisdictional concerns are raised by the transfer of ownership as outlined in the jurisdictional statement in HTC's response brief in th[is] case." Order Granting Pl.-Appellant's Mot. for Joinder, ECF No. 29 at 2.

II

In its response brief, HTC argued that Uniloc lacks standing and "respectfully request[ed] that this Court adopt here the same decision that it makes regarding Apple's jurisdictional challenges" in the co-pending appeal *Uniloc USA, Inc. v. Apple Inc.*, No. 2018-2094, slip op. (Fed. Cir. Aug. 30, 2019). Appellee's Br. at 2–3. HTC contended

that "the jurisdictional issues in both cases are based on the same underlying agreements and contracts." *Id.*

We agree, and pursuant to the analysis provided in our decision in *Uniloc USA, Inc.*, No. 2018-2094, slip op. at 5–8, we remand to the district court to supplement the record with the documents related to jurisdiction and to resolve the presented jurisdictional issues in the first instance.

**VACATED AND REMANDED**

No costs.